UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL MORGAN and LAURIE MORGAN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 1:11-CV-37 (CEJ) ) |
| MIDWEST NEUROSURGEONS, LLC, SONJAY J. FONN, DO a/k/a SANJAY J. FONN, ORTHOPAEDIC ASSOCIATES OF SOUTHEAST MISSOURI, PC, and BERBARD C. BURNS, DO, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to strike affirmative defenses or, in the alternative, for a more definite statement. Bernard Burns, D.O. and Orthopaedic Associates of Southeast Missouri, PC have filed a response in opposition.

Plaintiffs Michael Morgan and Laurie Morgan bring this action, asserting claims of medical malpractice and loss of consortium. Plaintiffs move to strike the following affirmative defenses asserted by defendants Burns and Orthopaedic Associates:

1. Plaintiffs' Complaint alleges that Defendants were providing health care services and acting as healthcare providers to Plaintiff. Accordingly, Defendants meet the definition of "healthcare provider" contained in § 538.205 RSMo. Defendants are entitled to the benefits of the provisions of Chapter 538 RSMo and avails themselves of all of the provisions of that chapter, as each may apply herein. Further, Defendants avail themselves of all applicable provisions of House Bill No. 393, 2005, including, but not limited to §§ 490.715, 510.263, 510.265, 537.035, 537.067, 537.090, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, & 538.300 RSMo.

2. If the Plaintiffs, or any other person or entity, have suffered any damages, which these Defendants specifically deny, then such damages were caused or contributed to be caused by the negligence and/or fault of others over whom these Defendants have no control. Therefore, the negligence and/or fault must be compared thereby reducing, refusing, or

completely barring Plaintiffs' alleged right to recover damages against these Defendants. These Defendants respectfully request that the issue of the parties' comparative fault be submitted to the trier of fact for apportionment.

Discussion

A. Motion to Strike

Rule 12(f), Fed.R.Civ.P., states "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure" and motions to strike are "viewed with disfavor and are infrequently granted." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). Motions to strike are generally disfavored "because they are often interposed to create a delay." Van Schouwen v. Connaught Corp., 782 F.Supp. 1240, 1245 (N.D. Ill. 1991).

> Indeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record -- such as on a motion for summary judgment.

Id.

In ruling on a motion to strike, the Court "must view the pleadings in the light most favorable to the pleader." Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106 *2 (E.D. Mo. July 21, 2008) (quoting Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007)). A motion to strike an affirmative defense should not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Id. (quoting Federal Deposit Ins. Corp. v. Coble, 720 F. Supp. 748, 750 (E.D. Mo. 1989)). A motion to strike should not

succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. Id. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." Id.

Here, it cannot be said that the defendants' affirmative defenses could not succeed under any circumstances, nor is it appropriate to label the defendants' affirmative defenses as immaterial or non-essential to claim for relief. Further, the plaintiffs have failed to establish that the inclusion of the affirmative defenses would prejudice or confuse the issue. As such, the motion to strike will be denied.

### B. Motion for a More Definite Statement

Motions for a more definite statement are governed by Rule 12(e), Fed.R.Civ.P., which states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Tinder v. Lewis Cnty. Nursing Home Dist., et al., 207 F.Supp.2d 951, 959 (E.D. Mo. 2001). However, because of the availability of extensive discovery and liberal notice pleading, motions for a more definite statement are generally denied. Id. Further, "motions for more definite statement are designed to strike unintelligibility rather than lack of detail in the complaint." Id. at 960. A motion for more definite statement is not to be used to test an opponent's case by

requiring him to allege specific facts or back down from his allegations, nor is it to be used as a substitute for discovery in trial preparation.  Id.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  A complaint must simply give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Huggins v. FedEx Ground Package System, Inc., 592 F.3d 853, 862 (8th Cir. 2010); See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define the disputed facts and to dispose of claims lacking merit.  Swierkiewwicz, 534 U.S. at 512.

This Court finds the complaint is neither vague nor ambiguous.  The plaintiffs have fair notice of what the defendants' claims are and the grounds upon which they rest.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike affirmative defenses [Doc. #21] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' alternative motion for a more definite statement is [Doc. #21] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2011.